1 .WALTER J. ROTHSCHILD, Judge.
Plaintiff, Michael Giarrusso, a firefighter employed by the City of Kenner Fire Department, appeals a decision of the trial court which granted summary judgment in favor of defendant, the City of Kenner. For the reasons stated herein, we affirm.

Facts and Procedural History

Michael Giarrusso was confirmed in a permanent position as a firefighter with the City of Kenner Fire Department on June 18, 1991. On October 1, 2001, he was promoted to the class of probational fire driver after successfully passing the Civil Service Fire Driver examination on October 24, 2000. According to the personnel action form appointing him to the probationary position, the stated requirements during the probationary period included maintaining the weight standard, passing a physical, becoming certified as a pumper operator, successfully passing the working test period, and successfully passing the street and map test. Giarrusso unsuccessfully attempted the Kenner Fire Department street and map test on four separate occasions, March 13, 2002, March 19, 2002, April 30, 2002 and September |s24, 2002. On September 24, 2002, Giarrusso was demoted from the title of probational fire driver to permanent firefighter for failure to successfully pass the working test period and failure to pass the street and map test for the fourth time.
Giarrusso filed a request for hearing of an appeal of this action with the Civil Service Board. Following a hearing on January 27, 2003, the Board was unable to reach a determination on Giarrusso’s appeal after two hours of deliberation. On February 3, 2003, Giarrusso filed a petition against the City of Kenner in district court on the basis that the street and map test cannot be used as a basis for qualification of employment because it was not approved or adopted by the Civil Service Board.
In response to this petition, the City of Kenner filed a motion for summary judg- *874 merit seeking dismissal of plaintiffs action on the basis that the street and map test is administered as part of the working test which is authorized by state statute. The City argued that authorization of this test by the Civil Service Board is not required. Giarrusso filed a cross motion for summary judgment contending that the use of the street and map test as a criterion of employment and promotion in the Kenner Fire Department is in contravention of law until such time as its use is approved by the Civil Sendee Board.
This matter was set for hearing on September 2, 2003, and the matter was submitted on memoranda and attachments. By judgment rendered on October 16, 2003, the trial court denied Giarrusso’s motion for summary judgment and granted summary judgment in favor of the City of Kenner, dismissing plaintiffs claims. The trial court also assigned reasons for judgment.

\ ¿Discussion

Giarrusso now appeals from the trial court’s judgment, arguing that because the street and map test was not approved by the Civil Service Board as required by law, plaintiff could not be denied a promotion to fire driver on the basis of the illegally administered test. In support of his argument that the map test must be approved by the board, appellant relies on La. R.S. 33:2493(D), which provides:
D. Special requirements or qualifications for admission to tests, or for eligibility for appointment, such as age, education, physical requirements, etc., may be established by the rules adopted by the board, after consultation with the appointing authority.
Appellant contends that the map test is a “special requirement ... for eligibility for appointment,” and thus it must be established in a rule adopted by the board. Although appellant concedes that the City is free to propose such a test, it is not free to implement such tests without civil service board approval by adoption of an appropriate rule as required by La. R.S. 33:2493.
In its reasons for judgment, the trial court stated in part as follows:
Based on the law and the evidence, the court finds that the City’s administration of the street and maps test during the working test period was pre-approved in Giarrusso’s case, as the personnel action form had been approved by the Chairman of the Municipal Fire and Police Civil Service Board. The court further finds that the maps test can be used as a qualification for confirmation of promotion. R.S. 33:2495. This is based on a statutory promotion scheme beginning with the firefighter’s [sic] passing the State Examiner test, and later his placement on an “eligible for appointment” list. Next one must be the most senior firefighter eligible, [sic]. After being probationally promoted per the personnel action sheet, additional requirements can be imposed by the local civil service boards. Id. The additional test noted and approved on the personnel action sheet was the map test, to ascertain whether the probational appointee has the required knowledge to | sperform the job. The court finds the test fundamental to the performance of the fire driver job in the specific locality. The court further finds that nothing in R.S. 2478 prohibits the City from testing its employees to determine their ability to perform.
After a review of the record in this case, including the documentation introduced by the City from Giarrusso’s personnel file, we agree with the reasoning of the trial court. We fail to find genuine issue of material fact as to whether the City is authorized to implement the street and *875 map test to fire drivers, and we conclude that the City is therefore entitled to judgment as a matter of law.
The Kenner Fire Department is a classified civil" service system governed by a statutory system established by Title 33, Chapter 5, Part II, of the Louisiana Revised Statutes. Although appellant relies on La. R.S. 33:2493(D) to support his position that the special requirement of the street and map test requires approval of the Civil Service Board, we find that this section of the statutory scheme governs the promotional test which is administered by the state examiner. The promotional test determines the eligibility of applicants for entry upon promotional and competitive employment lists. La. R.S. 33:2492. The record indicates that the promotional test was administered to appellant on October 24, 2000, and he achieved a passing score. Appellant’s appointment as probational fire driver was based on the results of this test.
However, the statutory scheme also provides for the administration of working tests for “every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment.” This working test is administered while the | (¡employee is occupying the position before he may be confirmed as a regular and permanent employee in the position. La. R.S. 33:2495 A.
In the present case, the personnel action form dated October 1, 2001 appointing appellant as a probational fire driver listed as a requirement that appellant must successfully pass the working test period and the street and map test prior to confirmation as a fire driver. As indicated on the bottom of the form, these requirements were approved by the Chairperson of the Municipal Fire and Police Civil Service Board. The record also contains copies of the three-part street and map test administered to appellant on the four occasions listed, as well as the time limitation and score achieved for each test. A review of the testing documents show that the test requires the employee to know the established zone in named streets as well as the specific location of certain addresses within the City of Kenner.
We find that under the facts of this particular case, the administration of the street and map test to a probational fire driver is authorized under the provisions of La. R.S. 33:2495 relating to working tests. Although the test is administered in written form, it is equivalent to requiring a firefighter to drive to each of the listed locations within a specified period of time, which would be part of his required job function as a fire driver. As stated by the trial court, we find that the successful passing of the street and map test is fundamental to the performance of the fire driver job in the specific locality. The information necessary to achieving a passing score on this test is crucial to the firefighter’s ability to complete his job as a fire driver. We fail to find that this test as administered by the City of Kenner Fire Department requires additional approval of the Civil Service Board by adoption of a specific rule.
| ^Conclusion
Accordingly, for the reasons assigned herein, we conclude that the City of Ken-ner met its burden of proving that it is authorized by law to administer the street and map test to a probational fire driver prior to certification of a permanent position as part of the working test. The summary judgment rendered in favor of the City of Kenner dismissing the claims of Michael Giarrusso is hereby affirmed.

AFFIRMED.